UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 8:25-cv-02024-KES                                  Date: December 4, 2025

Title: EUNJI JEONG v. JOHN or JANE DOE, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    Order to Show Cause Why This Case Should Not Be Dismissed for Failure to Prosecute and/or Failure to Follow Court Orders

This Court orders Plaintiff Eunji Jeong ("Plaintiff") to show cause why Case No. 8:25-cv-02024-KES should not be dismissed for failure to prosecute and/or failure to follow court orders pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b).

## I.   PROCEDURAL HISTORY

On September 8, 2025, Plaintiff filed a Complaint alleging that the unknown defendant or defendants ("Doe") stalked Plaintiff in violation of federal and state statutes, recorded confidential communications in violation of the California Privacy Act justifying treble damages, and engaged in a pattern of harassment directed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 8:25-cv-02024-KES | Date: December 4, 2025 |
| | Page 2 |

towards Plaintiff.  (See Dkt. 1.)  The Court issued the Summons on September 17, 2025.  (Dkt. 6.)

On September 18, 2025, Plaintiff moved the Court for leave to serve a third party subpoena ("Motion") on Meta Platforms, Inc. to learn Doe's identity.  (Dkt. 7.)  The Court granted Plaintiff's Motion on September 22, 2025, and ordered Plaintiff to file a First Amended Complaint ("FAC") or, alternatively, a status report by November 7, 2011.  (Dkt. 8 at 3.)  However, Plaintiff did neither.

On November 17, the Court, acting sua sponte, granted Plaintiff an extension, permitting her to file an FAC or status report by November 24, 2025.  (Dkt. 9.)  Yet again, Plaintiff failed to comply and filed nothing.

## II.    LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with federal or local rules.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Central District of California Local Rule ("L.R.")[1] 41-6 provides: "A party proceeding pro se must keep the Court and all other parties informed of the party's current address."  L.R. 41-6.  The rule further states that "[i]f a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."  Id.  Furthermore, L.R. 41-1 explains that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."  L.R. 41-1.

The Court has discretion to dismiss the action with or without prejudice.  See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to FRCP 41(b) "operates as an adjudication on the merits."); L.R. 41-2 ("Unless the Court provides otherwise, any dismissal

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 8:25-cv-02024-KES | Date: December 4, 2025 |
| | Page 3 |

pursuant to L.R. 41-1 shall be without prejudice."); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  The test is not "mechanical," but provides a "non-exhaustive list of things . . . [to] think about."  Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### III.   ORDER OF THE COURT

It is hereby ordered that, **on or before January 3, 2026**, Plaintiff shall file a response to this order explaining why Case No. 8:24-cv-02024-KES should not be dismissed for failure to prosecute and/or failure to follow court orders.

Alternatively, instead of filing the above response to this order, Plaintiff may submit an FAC naming Doe **on or before January 3, 2026**.  The filing of an FAC will discharge Plaintiff's obligations under this order.

The Court cautions Plaintiff that failure to comply with this order may result in dismissal of the entire case.

Initials of Deputy Clerk jd