UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNJI JEONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN or JANE DOE, and DOES 2-10, inclusive,<br><br>　　　　　Defendants. | Case No. 8:25-cv-02024-KES<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

## I.

## INTRODUCTION

Eunji Jeong ("Plaintiff") is a Korean social media influencer with a "substantial" following. (Dkt. 1 at 2.) On September 8, 2025, Plaintiff filed a Complaint alleging that the unknown defendant or defendants ("Doe") stalked Plaintiff in violation of federal and state statutes, recorded confidential communications in violation of the California Privacy Act justifying treble damages, and engaged in a pattern of harassment directed towards Plaintiff. (See generally id.) The Court issued the Summons on September 17, 2025. (Dkt. 6.)

On September 18, 2025, Plaintiff moved the Court for leave to serve a third party subpoena on Meta Platforms, Inc. to learn Doe's identity. (Dkt. 7.) The

Court granted Plaintiff's request on September 22, 2025, and ordered Plaintiff to file a First Amended Complaint ("FAC") or, alternatively, a status report by November 7, 2011. (Dkt. 8 at 3.) However, Plaintiff did neither.

On November 17, the Court, acting <u>sua sponte</u>, granted Plaintiff an extension, permitting her to file an FAC or status report by November 24, 2025. (Dkt. 9.) Yet again, Plaintiff failed to comply and filed nothing.

On December 4, 2025, the Court issued an order to show cause why this case should not be dismissed for failure to prosecute and/or failure to follow court orders. (Dkt. 10.) Upon receiving no response, the Court now dismisses this case without prejudice.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with federal or local rules. <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule ("L.R.")[1] 41-1 explains that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1.

The Court has discretion to dismiss the action with or without prejudice. <u>See</u> Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to FRCP 41(b) "operates as an adjudication on the merits."); L.R. 41-2 ("Unless the Court provides otherwise, any dismissal pursuant to L.R. 41-1 shall be without prejudice."); <u>Al-Torki v. Kaempen</u>, 78 F.3d

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things . . . [to] think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.
## DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court." Id. (citation modified).

The third factor is prejudice to the defendants. A plaintiff's failure to prosecute creates a presumption of prejudice to the defendants. Hernandez v. City of El Monte, 138 F.3d 393, 400-01 (9th Cir. 1998); see Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). To the Court's knowledge, no Does have been served in this case, and the case has been pending

for approximately four months. That is four months of potential witnesses' memories fading and evidence becoming stale. At the same time, however, Plaintiff alleges *ongoing* harmful conduct by Doe, suggesting perhaps that there is little to no prejudice caused by the delay. Moreover, the events alleged by Plaintiff have all happened within the past year, which is not an unusually long amount of time. That said, there still exists a presumption of prejudice, see Hernandez, 138 F.3d at 400-01, and Plaintiff has not overcome the presumption. Therefore, the Court finds that the third factor tips in favor of dismissal.

The fourth factor is the availability of less drastic sanctions. Here, Plaintiff has had ample opportunity to file an FAC. First, the Court sua sponte extended Plaintiff's deadline when it received no filings from her. (Dkt. 9.) When the second deadline was missed, the Court issued an order requiring Plaintiff to file an FAC or other response by January 3, 2026. (Dkt. 10.) In that order, the Court cautioned Plaintiff that failure to comply may result in dismissal of the entire case. (Id. at 3); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his [or her] failure to obey the court's order will result in a dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 132-33 (9th Cir. 1987)). This factor, too, favors dismissal.

The fifth factor is the public policy favoring a disposition of an action on its merits, and that weighs against dismissal here. Pagtalunan, 291 F.3d at 643 (citing Hernandez, 138 F.3d at 399). However, it is outweighed by the other four factors favoring dismissal.

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to FRCP 41(b) and L.R. 41-1. The dismissal shall be without prejudice.

/ / /

/ / /

## IV.
## CONCLUSION

For the reasons stated above, the Court DISMISSES Plaintiff's entire case without prejudice and with leave to amend.

IT IS SO ORDERED.

DATED:  January 8, 2026       *Karen E. Scott*
                              KAREN E. SCOTT
                              UNITED STATES MAGISTRATE JUDGE